QUESTIONS: 1. Are the guidelines in AGO 074-177 for calculating the amount of qualifying fees of candidates for county offices in 1974 still applicable for calculation of such fees in 1976? 2. What cost-of-living adjustment, if any, should be used for the purpose of calculating the qualifying fees of candidates for such offices? 3. Should the 20 percent limitation provided by s. 145.18, F. S., be taken into consideration for the purpose of calculating the qualifying fees of candidates for such offices?
SUMMARY: The "annual salary" for the purpose of computing the filing fee and committee assessment of candidates for offices the salaries of which are established by Ch. 145, F. S., consists of the base salary plus compensation for the population increments over the minimum for each population group, multiplied by a cost-of-living factor of 1.211. The population estimates as of July 1, 1975, should be used for this purpose. This method of computation should be applied to all county offices whose compensation is fixed by Ch. 145, even though a particular officer may not have yet attained the full amount of the maximum salary authorized under Ch. 145 by reason of the 20 percent limitation of s. 145.18(2). The computation should also take into consideration the special qualification salary provided by s. 145.10(2), where applicable. Due to their interrelationship, your questions will be answered together. It should be noted at the inception that the general principles enunciated in AGO 074-177 continue to be applicable to the calculation of the amount of the qualifying fees of candidates for nomination and election to offices the salaries of which are established by Ch. 145, F. S., as amended by Ch. 76-80, Laws of Florida. However, factual and statutory changes since 1974 require a different procedure for the implementation of such general principles. The first factual change which affects this matter is that the cost-of-living factor must now be taken into account in computing the amount of the qualifying fees. Pursuant to s. 145.18(1), F. S. 1975 (repealed effective July 1, 1976, by Ch. 76-80, Laws of Florida), the salaries provided by the several sections of Ch. 145, F. S., have, since October 1, 1974, been adjusted annually by a cost-of-living factor certified by the Department of Administration. Accordingly, the maximum authorized salary for any officer whose compensation is set by Ch. 145 is determined by three elements: The base salary, the compensation for population increments, and the cost-of-living factor. The last factor certified — which is the factor used to adjust salaries during the current fiscal year — is 1.211. Inasmuch as application of this factor has the effect of an upwards adjustment of 21.1 percent of the sum of the base salary and the compensation for population increments, it must be taken into account in arriving at "the best measure of the financial possibilities of the office." See AGO's 072-217 and 074-177. The second factual change which affects this matter is the change in the estimated population of the several counties of the state. Pursuant to s. 23.019, F. S., the Department of Administration annually prepares estimates of the population of each of the counties in this state. The most recent such population estimate — and the one which will be used for the calculation of salaries under Ch. 145, F. S., for the fiscal year beginning October 1, 1976 — is the estimate of population as of July 1, 1975, a copy of which is attached hereto as Appendix A. The population figures shown in Appendix A are the ones which should be used for the purposes of calculating the amount of the subject qualifying fees, because they are the population figures which will be used to compute the salaries of officials under Ch. 145 during the greater part of the first year in office of those who are elected in November of 1976. The statutory change which bears on this matter is Ch. 76-80, Laws of Florida, section 1 of which has the effect of repealing subsection (1) of s. 145.18, F. S., as of July 1, 1976. Section 2 of Ch. 76-80 provides: "This act shall not affect cost-of-living adjustments certified prior to the effective date of this act." Accordingly, while Ch. 76-80 has the effect of disallowing any future fluctuation in the rate of cost-of-living adjustments to salaries established by Ch. 145, F. S., it specifically preserves the adjustments which have been previously certified. Subsection (2) of s. 145.18, F. S., limits the amount by which salaries established by Ch. 145, F. S., may increase from one year to the next to 20 percent of the previous year's compensation. The effect of this limitation is that the salary payable to an officer whose compensation is set by Ch. 145 may not in any given fiscal year be more than a total of 120 percent of his salary for the preceding fiscal year. See AGO 075-88. However, although the provisions of s. 145.18 may impose limitations on the amount of the salary increases of an officer who has not yet attained the maximum salary authorized by Ch. 145, such provisions do not enter into the calculation of qualifying fees of candidates for election to public office. Accordingly, I am of the view that the amount of the qualifying fees should be calculated on the basis of the maximum salary authorized for that office by Ch. 145, irrespective of whether the incumbent of the office has yet attained such maximum salary level. It must also be noted that s. 145.10(2), F. S. 1975, provides, with respect to the salaries of property appraisers: (2) Special qualification salary shall be an additional $2,000 per year to each [property appraiser] who has met the requirements of the Department of Revenue and has been designated a certified Florida [property appraiser]. . . . Therefore, in calculating the amount of the filing fee and committee assessment of a candidate for the office of property appraiser, this special qualification salary should be included as part of the estimate of annual salary with respect to all candidates who would be eligible to receive it if successful in their bid for election. In an effort to simplify the implementation of the foregoing, I am attaching hereto as Appendix B a suggested procedure for calculation of the subject qualifying fees. Also attached as Appendix C is a sample calculation following the procedure set out in Appendix B, which uses as an example the office of member of the board of county commissioners of Alachua County.